USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 21, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
WILLIAM ANTHONY EVANS,

                      Petitioner,

    - against -

DAVID L. MILLER, SUPERINTENDENT OF
EASTERN CORRECTIONAL FACILITY,

                      Respondent.
------------------------------------------X

04 Civ. 9494 (DAB)(DFE)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

    This matter is before the Court upon the September 19, 2006 Report and Recommendation of United States Magistrate Judge Douglas F. Eaton. The Report and Recommendation (hereinafter "the Report") recommends that Petitioner William Anthony Evan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner filed a submission entitled, "Objection to the Magistrate's Report and 60(b) Relief" on October 10, 2006.

    Petitioner's submission makes a specific objection to the Report's finding that Petitioner's claim is not tolled under the AEDPA pursuant to the mailbox rule.[1]

---

[1] Apart from this objection, Petitioner's submission makes two requests of the Court. First, Petitioner asks that the Court permit him to supplement or amend his pleadings to include allegations that Respondent acted fraudulently by representing to the Appellate Division that his sentence and commitment order listed him as a second felony offender, even though an amended sentence and commitment order deletes his status as a predicate

1

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." See also Fed. R. Civ. Pro. Rule 72(b). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). See also, Vega v. Artuz, 2002 WL 31174466, at 1 (S.D.N.Y. 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in

---

offender. (Pet. Obj. ¶ ¶ 5-9). Petitioner claims that he has been prejudiced in the present action by this fraud because he "would not now be litigating this matter before this court as a persistent felony offender." (Pet. Obj. ¶ 9). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting, Foman v. Davis, 371 U.S. 178, 182 (1962). Petitioner's status as a persistent felony offender was not a basis for the findings made in the Report and is not relevant for consideration here; accordingly, leave to amend would be futile. The Court thus declines to consider these untimely allegations, and DENIES Petitioner's request for leave to replead. Petitioner's submission makes a second request, asking the Court to grant relief pursuant to Federal Rule of Civil Procedure 60(b). (Pet. Obj. ¶ 18). Given the procedural posture of this case, this request is untimely. Under Fed.R.Civ.P. 60(b) a district court, "[o]n motion and upon such terms as are just... may relieve a party or a party's legal

the original [papers] will not suffice to invoke de novo review
. . . [such objections] would reduce the magistrate's work to
something akin to a meaningless dress rehearsal.") (Citations
and internal quotation marks omitted).

After conducting the appropriate level of review, the Court
may then accept, reject, or modify, in whole or in part, the
findings or recommendations made by the Magistrate. 28 U.S.C. §
636(b)(1)(C); see also Local Civil Rule 72.1(d).

For the reasons contained herein, this Court accepts and
adopts, Judge Douglas F. Eaton's Report in its entirety, and
accordingly DENIES Petitioner a writ of habeas corpus.

I. BACKGROUND

The facts and procedural history of this case have been
adequately detailed in Magistrate Judge Eaton's Report.

II. DISCUSSION

A. Petitioner's Objection to the Report

---

representative from a *final* judgment, order, or proceeding." (emphasis added).

Petitioner's objection to the Report largely rehashes his argument that the statute of limitations governing Petitioner's habeas claim should be tolled under the mailbox rule. (Pet. Obj. ¶ 12). Petitioner states conclusorily that, "the Magistrate applied inappropriate standards to the resolution of both the 'mailbox' rule and other legal issues as presented herein." (Id.) Petitioner cites authorities he previously brought to the attention of the Court, including Houston v. Lack, 487 U.S. 266 (1988). (Pet. Traverse ¶ 6; Pet. Obj. ¶ 13). However, Petitioner also challenges the Report on the grounds that Judge Eaton abused his discretion in denying Petitioner's Motion for Discovery and in making an, "unfounded accusation against petitioner, in effect labeling [Petitioner] a liar for claiming he had mailed his state post-conviction motion off in April of 1991..." (Pet. Obj. ¶¶ 16-17). Accordingly, the Court reviews Petitioner's objection de novo.

B. Applicable Law

Under the so-called "prisoner mailbox rule," a prisoner's appeal is ordinarily considered mailed the date it is given to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 277 (1988). The rationale for the rule is that pro se prisoners, who cannot personally deliver a filing to the court

4

clerk, lack control over possible *delays* between receipt of a filing by prison authorities and receipt of the same filing by the court clerk and should not therefore be held responsible for such delays. Id. at 273-74. Codification of the mailbox rule sets forth that "timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which *must set forth the date of deposit* and state that first-class postage has been prepaid." Fed.R.App.P 4(c)(1) (emphasis added). This Circuit has extended the mailbox rule to apply to the filing of habeas petitions. Nobel v. Kelly, 246 F.3d 93 (2d Cir. 2001).

Even where a prisoner has properly declared a timely filing, application of the mailbox rule can be denied in the face of evidence to the contrary. See e.g., Johnson v. Coombe, 156 F.Supp.2d 273, 277 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, absent evidence to the contrary, the Court assumes that the prisoner gave his petition to prison officials for mailing on the date he signed it.") An inmate's failure to act reasonably in following up on the status of a filing can be evidence that the mail was never properly submitted in the first place. Reily v. Ercole, 2007 WL 1490454, *2-3 (E.D.N.Y. 2007) (citing Allen

5

v. Culliver, 471 F.3d 1196, 1198 (10th Cir. 2006) and finding that an inmate's five month failure to follow up on a habeas petition was not unreasonable).

Equitable tolling applies only in "rare and exceptional circumstances" which affirmatively prevents a person from filing in a timely manner. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000). Even when exceptional circumstances exist, the petitioner must prove that the circumstances, and not his/her action or inaction, prevented the timely filing. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Accordingly, a petitioner seeking equitable tolling must show that he acted with reasonable diligence throughout the period he seeks tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

A habeas petitioner is not entitled to discovery; under 28 U.S.C. § 2254, Rule 6, upon proper motion the district court judge must determine whether petitioner has shown "good cause." See Richard v. Girdich, 03-CV-920, 2007 WL 1299192, *1 (N.D.N.Y. May 2, 2007). Discovery need not be ordered where Petitioner's allegations do not establish a prima facie case for relief. Valencia v. U.S., 03 Civ. 5346, 2007 WL 2111074, *1 (S.D.N.Y. July 13, 2007) (citing United States v. Franzese, 525 F.2d 27,

32 n.8 (2d Cir. 1975).

C. Analysis

In the instant case, Petitioner fails to meet his burden to demonstrate that the mailbox rule tolls the one-year statute of limitations on his habeas petition. First, Petitioner is unable to, as codification of the mailbox rule requires, properly specify the date of deposit of his alleged April of 1991 post-conviction motion.[2] More importantly, however, in this case there is ample evidence to the contrary of Petitioner's claim that he properly filed a post-conviction motion in April of 1991. This evidence must be considered in evaluating whether the mailbox rule is applicable. For one thing, both the prosecution and the state court represent that there exists no record of Petitioner's post-conviction motion (January 24, 2004 Order, Zweibel, J., Gill Decl., Exh. G). For another, Petitioner waited twelve years to follow up on the status of this alleged submission.[3] Petitioner has alleged no circumstance under which a delay of this magnitude might be

---

[2] The Court notes that, in fact, Petitioner's Amended Petition states that the post-conviction motion was filed, "between February and April of 1991." (Am. Pet. at 3).

[3] In the course of the instant litigation, Petitioner was given the opportunity to describe in detail what efforts he made from 1991 to 2003 to learn the status of the alleged 1991 Motion. As Judge Eaton appropriately observed, "[Petitioner's] subsequent submissions describe no such efforts." (The Report at 11; Pet. Traverse ¶¶ 1-8).

7

considered reasonable. Given the record before the Court it is apparent that Petitioner failed to act with even a modicum of diligence in pursuing his alleged April 1991 post-conviction motion.

Nor can equitable tolling provide Petitioner with any relief. The Petitioner has not alleged any extraordinary or exceptional circumstances for the untimeliness of his petition. Petitioner's twelve-year period of inaction does not demonstrate the reasonable diligence required to invoke equitable tolling.

Finally, the Court finds that Judge Eaton properly denied Petitioner's motion for discovery. Petitioner has shown no good cause in support of said request. Petitioner's allegations are insufficient to provide the Court with reason to believe that he may, if the facts were fully developed, be able to demonstrate that he properly filed a post-conviction motion that would entitle him to relief. Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

The Court concludes that denying Respondent's Motion to Dismiss would require an impermissibly broad application of the mailbox rule. The rationale for the rule, to account for delays between receipt of a filing by prisoner authorities and receipt of the same filing by the court clerk, cannot support tolling

where an inmate cannot specify the date of his filing, where there is no record of receipt of his filing and where the inmate unreasonably waits twelve years before following up on the status of his filing. Accordingly, the Court GRANTS Respondent's Motion to Dismiss Petitioner's habeas petition as untimely.

III. CONCLUSION

Having reviewed the Report and Recommendation and the record herein de novo, and for reasons set forth above, it is hereby ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Douglas F. Eaton, dated September 19, 2006, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety; and

2. The instant Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is hereby DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d

1011 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York
         March 21, 2008

*Deborah A. Batts*

Deborah A. Batts
United States District Judge